People v Willis (2024 NY Slip Op 04496)

People v Willis

2024 NY Slip Op 04496

Decided on September 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 19, 2024

CR-23-0919
[*1]The People of the State of New York, Respondent,
v
Kertrice Willis, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Shane A. Zoni, Public Defender, Hudson, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Nicholas Rohlfing of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Columbia County (Richard M. Koweek, J.), rendered April 7, 2023, convicting defendant upon her plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree (two counts) and endangering the welfare of a child.
Defendant and her codefendant were charged in a five-count indictment with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, two counts of criminal possession of a weapon in the third degree and endangering the welfare of a child. Following an unsuccessful motion to dismiss the indictment, which was premised upon the People's allegedly illusory certificate of compliance regarding certain discovery materials (see CPL 245.20, 245.50) and corresponding failure to be ready for trial within the applicable six-month period (see CPL 30.30 [1] [a]), defendant pleaded guilty to the entire indictment with no sentencing commitment from County Court. County Court thereafter sentenced defendant upon her conviction of criminal possession of a controlled substance in the second degree to a prison term of three years, to be followed by five years of postrelease supervision, and to concurrent, lesser terms of imprisonment or periods of incarceration upon the remaining convictions. This appeal ensued.
The People concede — and our review of the record confirms — that the People were not ready for trial within the applicable statutory period (see CPL 30.30 [1] [a]). Accordingly, the indictment must be dismissed (see e.g. People v O'Day, 220 AD3d 986, 989 [3d Dept 2023]; People v Friday, 160 AD3d 1052, 1054 [3d Dept 2018]).
Garry, P.J., Egan Jr., Ceresia and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.